# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BABAK ALIZADEH, | ) |
| Petitioner, | ) CIV 09-01942 PHX GMS (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| KATRINA KANE, JANET NAPOLITANO, ERIC S. HOLDER, JAMES KIMBLE, | ) |
| Respondents. | ) |

**TO THE HONORABLE G. MURRAY SNOW:**

Mr. Babak Alizadeh ("Petitioner"), who is represented by counsel in this matter, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. § 2241 on September 18, 2009. In the petition Mr. Alizadeh asserts his detention by Respondents violates United States law and his constitutional rights. At the time his petition was filed, Petitioner was confined pursuant to Respondents' authority.

On September 22, 2009, Petitioner filed a motion to consolidate, seeking to consolidate his habeas action with Docket No. 2:09 CV 1410, a case assigned to the Honorable Susan R. Bolton.[1] On October 2, 2009, Respondents filed a response in

---

[1] As of February 2, 2010, the motion to consolidate several section 2241 actions with Docket No. 2:09 CV 1410, was pending before the Honorable Susan R. Bolton.

opposition to the motion to consolidate. See Docket No. 7.[2]

On October 19, 2009, Respondents filed a notice to the Court asserting the petition for relief in this matter is now moot because Petitioner has been released from detention. See Docket No. 8. In response to the Court's Order to Show Cause, see Docket No. 9, on October 28, 2009, Petitioner filed a pleading averring his habeas petition is not moot. See Docket No. 10. On November 4, 2009, Respondents filed a reply regarding the suggestion of mootness. See Docket No. 13.

**1. Background**

Petitioner is a native and citizen of Iran who entered the United States as a refugee in approximately 2001. In September of 2009 the Immigration and Customs Enforcement ("ICE") took Petitioner into custody and conducted him to the Pinal County Jail in Florence, Arizona.

Federal law, codified at 8 U.S.C. § 1159(a), requires a refugee who has been physically present in the United States for at least one year to apply for permanent resident status. If the refugee alien has not acquired permanent resident status at the end of one year they shall "return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant."

Petitioner asserts that "[i]n Arizona, ICE has consistently interpreted this statute to authorize the

---

[2] A response in opposition to Petitioner's second motion to consolidate his case with Docket No. 2:09 CV 1410 and other section 2241 actions was docketed in this matter on December 18, 2009. See Docket No. 19.

indefinite detention of any refugee who has not become a lawful permanent resident within one year of entry." Petitioner further argues that "§ 1159(a) violates the Constitution of the United States and the Immigration and Nationality Act and that no statutory or regulatory authority otherwise exists to authorize [Petitioner's] continued detention. Accordingly, Petitioner seeks a writ of habeas corpus ordering his immediate release from immigration custody."

Petitioner asserts in his habeas petition that he "is in the process of submitting an I-485 Application for Adjustment of Status to the United States Citizenship and Immigration Services ("USCIS") office in Phoenix. However, Petitioner is not currently in removal proceedings pursuant to INA § 240, 8 U.S.C. § 1229a." Petitioner maintains that, accordingly, there is no statutory authority for his detention by Respondents.

Petitioner alleges:

> [his] current detention is based on a broad interpretation of 8 U.S.C. § 1159 promulgated by Respondents that is inconsistent with, and contradictory to, other provisions in the Immigration and Nationality Act. The Respondents' construal of 8 U.S.C. § 1159 uses an expansive definition of the term "custody" to justify Petitioner's continued detention without bond, without judicial oversight, and without a release date. Under the rule of constitutional avoidance, there are numerous ways in which the reference to "custody" in § 1159 could be interpreted to avoid due process concerns. Since Petitioner's detention cannot be justified under § 1159, Petitioner argues that his ongoing detention is not authorized.

Petitioner asserts in the habeas petition that his detention violates the Immigration and Nationality Act, and his

right to substantive due process and procedural due process of law. As relief, the petition asks the Court to:

> Issue an Order declaring that Petitioner's detention by Respondents is contrary to law and unconstitutional; and
> (2) Issue an Order that Respondents immediately release Petitioner; and
> (3) Award Petitioner his reasonable costs and fees; and
> (4) Grant any other and further relief this Court may deem appropriate.

**2. Analysis**

Respondents present evidence to the Court that Petitioner was released from detention. Because the petition for habeas relief attacks only the legitimacy of Petitioner's continued detention, the petition is now moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

Petitioner was released from detention several weeks after he filed his federal habeas petition. The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court. Therefore, this habeas action, alleging his continued detention violates federal law and his constitutional rights, is moot. See Abdala v. I.N.S., 488 F.3d

1061, 1065 (9th Cir. 2007) (holding that "there must be some remaining 'collateral consequence' that may be redressed by success on the petition" in order for a habeas to continue); Picrin-Peron, 930 F.2d at 775; Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006); Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002).

Petitioner contends his petition is not moot because he may, at some point in the future, again be subject to unauthorized detention. The United States Supreme Court has held that speculation and conjecture of future improper conduct is insufficient to defeat mootness, and that the "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02, 108-09, 103 S. Ct. 1660, 1664-65 (1983) (internal quotations omitted) (noting that the "capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality"). As noted by Respondents, Petitioner was released without restriction, and without reservation of any right to detain him in the future.

Because Petitioner is no longer in detention, and because his release is entirely without conditions or limits, his habeas petition alleging that his previous detention was unauthorized is now moot. See Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); Abdala, 488 F.3d at 1065; Qassam v. Bush, 466 F.3d 1073, 1075 (D.C. Cir. 2006) (exception to mootness for "voluntary cessation" does not apply where there is no

reasonable expectation that the alleged government conduct will recur, and interim events have completely eradicated the effects of the alleged violation).

### 3. Conclusion

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention without any restrictions or apprehension of immediate re-detention. There is no existing case or controversy over which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Alizadeh's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the

District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 2nd day of February, 2010.

_____
Mark E. Aspey
United States Magistrate Judge