**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Babak Alizadeh, | No. CV-09-1942-PHX-GMS (MEA) |
| Petitioner, | **ORDER** |
| v. | |
| Katrina Kane; et al., | |
| Respondents. | |

On September 18, 2009, Petitioner Babak Alizadeh ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that Immigration and Customs Enforcement's ("ICE") indefinite detention of a refugee who has not acquired permanent resident status within one year of entry violates the Constitution and Immigration and Nationality Act ("INA"). (Doc. 1). The petition was referred to United States Magistrate Judge Mark E. Aspey for report and recommendation ("R & R"). (Doc. 4). Judge Aspey recommended that the Court dismiss the petition as moot because "the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention without any restrictions or apprehension of immediate re-detention." (Doc. 21).

**BACKGROUND**

Petitioner, a native of Iran, was admitted to the United States as a refugee around 2001. (Doc. 1). Under 8 U.S.C. § 1159, he had one year to adjust his status to that of a lawful permanent resident, but did not do so. In September 2009, ICE took Petitioner into custody

at Pinal County Jail in Florence, Arizona. At the time Petitioner filed the writ of habeas corpus, he was in custody and requesting immediate release. Petitioner argued that ICE was interpreting 8 U.S.C. § 1159(a) to authorize the indefinite detention of a refugee who has not acquired permanent resident status without the necessity of charging the refugee with a civil or criminal offense. Petitioner requested declaratory relief, asserting that his indefinite detention is unconstitutional and violates the INA. (Doc. 2).

On October 19, 2009, Respondents filed a "Suggestion of Mootness," stating that Mr. Alizadeh had been released on October 2, 2009, and the Petition was therefore moot. (Doc. 8). Petitioner presented several arguments countering Respondents' mootness claim. Judge Aspey then issued his R & R, in which he stated that the "relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court." (Doc. 21). He further noted that Petitioner's circumstances do not satisfy the requirements for any of the mootness exceptions because his risk of being once again detained indefinitely under § 1159 was too speculative. (*Id.*).

## DISCUSSION

"Historically, the function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484–85 (1973), *overruled by Stone v. Powell*, 428 U.S. 465 (1976)). Under certain circumstances, a petitioner who has been released may nevertheless meet the "case or controversy" requirement by establishing that an exception to mootness applies. *See, e.g., Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005). In this case, Petitioner has been released, but argues that he may reasonably be considered at risk of future indefinite detention.[1] Petitioner contends that his petition is not moot because

---

[1] In his petition, Mr. Alizadeh's requested relief was specific to his own circumstances. However, in Petitioner's objections to the R & R, he argues, at times, on behalf of those "similarly-situated persons [who] will be subject to unconstitutional procedures." (Doc. 22). This is not a class action, and thus the Court may only consider facts alleged and arguments asserted with regard to Petitioner personally.

1 the "voluntary cessation" and "capable of repetition" exceptions apply. (Doc. 22).

2 Under the first exception, "'a defendant's voluntary cessation of a challenged practice 3 does not deprive a federal court of its power to determine the legality of the practice.'" 4 *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) (quoting 5 *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). In such a case, 6 defendant typically bears a "heavy burden" of demonstrating that the challenged conduct 7 cannot reasonably be expected to recur. *Id.* The Ninth Circuit, nevertheless, recently 8 reiterated that "where there is 'no reasonable . . . expectation that the alleged violation will 9 recur,' and where 'interim relief or events have completely and irrevocably eradicated the 10 effects of the alleged violation,' the case is moot." *Am. Cargo Transp., Inc. v. U.S.*, 2010 WL 11 4367040, at *2 (9th Cir. Nov. 5, 2010) (quoting *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 12 (1979)).

13 In *America Cargo Transport*, Plaintiff argued that its claims were not moot because 14 the government had not met its "heavy burden" of showing that the allegedly wrongful 15 conduct would not recur. *Id.* at *3. The Court found the voluntary cessation argument 16 "unavailing" because the government had made clear that it had changed its policy and noted 17 that the policy was, in fact, in line with Plaintiff's position. *Id.* Importantly, the Court noted 18 that "there is always the possibility of bad faith and a change of heart. But, unlike in the case 19 of a private party, we presume the government is acting in good faith." *Id.* (citing *White v.* 20 *Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) (holding that a permanent change in HUD's policy 21 with respect to Fair Housing Act investigations rendered the claim moot)). Because the Court 22 had no reason to believe that the change was a "transitory litigation posture," it held that the 23 claims for declaratory and injunctive relief were moot. *Id.* at *4.

24 Here, Petitioner argued in his memorandum in support of his Petition that "the 25 detention of an unadjusted refugee that lasts longer than 48 hours prior to being placed in 26 removal proceedings violates due process and is not authorized by the" INA. (Doc. 2). In 27 November 2009, the Field Office Director of ICE in Arizona issued a guidance 28 memorandum, consistent with guidelines disseminated by the ICE Headquarters Office of

1 the Principal Legal Advisor, clarifying the policy on detaining refugees pursuant to INA §
2 209, 8 U.S.C. § 1159. The memorandum explains that "in the absence of emergency or other
3 extraordinary circumstances, a determination *must be made within 48 hours* whether or not
4 to release such aliens (and if so, under what conditions), and whether to place them in
5 removal proceedings." (Doc. 25, Ex. 1). Moreover, the new policy provides that
6 determinations concerning the detention of an unadjusted refugee must be made in
7 accordance with statutes indisputably authorizing such detention. Thus, similar to the
8 circumstances discussed in *America Cargo Transport*, the Government has changed its
9 policy in a way that is consistent with Petitioner's position. Although Petitioner has referred
10 to one Arizona case in which ICE did not make a determination whether to release a detained
11 refugee until three weeks after the issuance of the guidance memorandum, the Court must
12 assume, in the absence of any additional evidence to the contrary, that the Government is
13 acting in good faith with regard to its policy on detained refugees and that ICE will make
14 determinations in a timely manner. Thus, at this stage, there is insufficient evidence to
15 demonstrate that the alleged policy of indefinitely detaining refugees is ongoing.

16 Moreover, as Judge Aspey noted, ICE released Petitioner without any conditions or
17 restrictions. The government stated in its Response to Petitioner's Objections that "[t]here
18 is *no threat* that he may again face the allegedly unauthorized detention described in his
19 petition." (Doc. 25) (emphasis added). *Cf. Clark*, 543 U.S. at 376 n.3 (concluding that the
20 case continued to present a live case or controversy because petitioner's release was "not
21 only limited to one year, but [was also] subject to the Secretary's discretionary authority to
22 terminate"); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117–18 (9th Cir. 2010) (determining that
23 petitioner's claim was not moot because his release from detention may be revoked at the
24 discretion of the Commissioner and is subject to a number of restrictions). With the
25 government's change of policy and its assurances that Petitioner is not at risk of further
26 detention pursuant to § 1159, it is "absolutely clear that the allegedly wrongful behavior
27 could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189 (quoting
28

1  *U.S. v. Concentrated Phosphate Exp. Ass'n.*, 393 U.S. 199, 203 (1968)).[2] Thus, Petitioner has
2  not met the standard for the voluntary cessation exception to mootness.

3      Petitioner also asserts that the "capable of repetition" exception applies to this case.
4  "'[I]n the absence of a class action,'" the "capable of repetition" exception is limited to the
5  situation where the following two elements are met: "'(1) the challenged action was in its
6  duration too short to be fully litigated prior to its cessation or expiration, and (2) there was
7  a reasonable expectation that the same complaining party would be subjected to the same
8  action again.'" *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (quoting *Weinstein v. Bradford*,
9  423 U.S. 147, 149 (1975)). Because Petitioner cannot establish the second element of the
10 exception, the Court need not address the first element.

11     Petitioner argues that "where constitutional rights are allegedly at issue, a case is not
12 moot when a procedure cuts off the possibility of appeal by the shortness of the sentence
13 being appealed." (Doc. 22 (citing *U.S. v. Roblero-Solis*, 588 F.3d 692, 698 (9th Cir. 2009))).
14 Defendants in *Roblero-Solis* challenged an ongoing procedure adopted by the district court
15 for the District of Arizona (Tucson) for taking pleas en masse of defendants charged with
16 illegal entry. 588 F.3d at 693–94. In that case, defendants' appeals were not moot because
17 they were challenging a continued policy involving a procedure that is of so short a duration
18 that it evades review. The case at hand is distinguishable because, even though the
19 challenged policies are of short duration, the government has made assurances that the
20 allegedly unconstitutional policies have been discontinued.

21     Petitioner also relies on *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *U.S. v. Brandau*,
22 578 F.3d 1064 (9th Cir. 2009). *Gerstein*, however, was a class action, and therefore the
23 Supreme Court was able to rely on its finding that persons similarly situated would continue

---

25     [2]Petitioner cites the case of Sasa Buzancic, No. 09-1943, as an example of a refugee
26 who was released and then subsequently redetained.(Doc. 22). However, in that case,
following release, petitioner was convicted of possession of marijuana and drug
27 paraphernalia. (No. 09-1943, Doc. 19). Petitioner was then redetained, but, according to the
government, this time under 8 U.S.C. § 1226(c). Thus, the circumstances of that case are
28 inapposite.

- 5 -

to be detained under the allegedly unconstitutional procedures. 420 U.S. at 110 n.11. As noted above, this is not a class action, and therefore, Petitioner is required to "make a reasonable showing that he will again be subjected to the alleged illegality." *City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983) (also noting that the "capable-of-repetition" doctrine applies only in exceptional situations). The Ninth Circuit's discussion of this exception in *Brandau* was based on information "that strongly suggest[ed]" that the policy at issue was ongoing, including statements made by government counsel confirming the status of the policy. 578 F.3d at 1068. As stated above, Petitioner has neither demonstrated that there is a reasonable risk that he will be detained in the future nor that the policy of detaining refugees indefinitely under § 1159 is ongoing. Thus, his petition is moot.

**IT IS HEREBY ORDERED:**

1. Magistrate Judge Aspey's R & R (Doc. 21) is **ACCEPTED.**

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED.**

3. The Clerk of the Court shall **TERMINATE** this action.

DATED this 13th day of December, 2010.

G. Murray Snow
United States District Judge